I concur with the lead opinion insofar as that opinion asserts that the party claiming a sentence is inconsistent with sentences given in other cases bears the burden of providing the court with "sentences" imposed for "similar" crimes by "similar" offenders, which validate the claim of inconsistency. I write separately to express concern as to what properly constitutes the necessary proof of a "similar sentence." At a minimum, the relevant documents from any prior cases submitted for comparison should include the indictment, bill of particulars, statement of facts from any plea proceeding, pre-sentence investigation, judgment entry of conviction and sentence — and if a trial was conducted, relevant portions of the trial transcript and/or court-approved, or stipulated statement of evidence.
 {¶ 27} In order to constitute a proper appellate record, all of these documents should be admitted into evidence before the trial court either at the time of, or in preparation for the trial court sentencing. In response to the defendant's motion or submission of cases, the state should be afforded equal opportunity to submit into the trial court record any additional cases it wishes to rely on to rebut the allegations and evidence submitted by the defendant.
 {¶ 28} The amount of detail in the cases submitted for comparison is important because the determination of "similar crimes" and/or "similar offenders" is inherently problematic to the point of being suspect for vagueness. Some of the most obvious areas of difficulty have been addressed in the lead opinion regarding the felony classifications and specific language of the offenses themselves. However, other problems are brought to mind by the fact that in this case, the defendant was originally charged with seven counts of rape but pled guilty to one. This raises questions as to whether an examination for "similarity" can ever accurately compare certain factors such as the number of counts originally charged versus the charges for which the defendant was ultimately convicted as a result of the plea bargain process; if multiple instances are involved, the proximity of those instances over time (i.e. three instances over two years or five instances over thirty days); whether multiple victims or a single victim are involved, together with the age and situation of each individual victim and all of the attendant circumstances in each instance; the prior criminal history of each defendant, individual remorse or rehabilitation of each defendant and all of the other specific sentencing factors relevant to each case. Also problematic is the instance of multiple common pleas courts within the same jurisdiction or in neighboring jurisdictions, which may each have internally consistent patterns of sentencing by each judge but which nevertheless differ significantly with each other.
 {¶ 29} In this case, the defendant did submit certain documents pertaining to the cases it chose to submit for comparison into the trial court record. On the other hand, the state merely attached information pertaining to additional cases to its brief filed in the court of appeals. In my view, this is not sufficient. As a result, I do not believe the cases submitted by the state are properly considered by this court in reviewing the issue of similar sentences. However, because I believe that the particular cases submitted by the defendant alone for comparison in this case support the judgment and sentence of the trial court, I concur in the result reached in the lead opinion.
WALTERS, J., concurs in the foregoing separate concurring opinion.